## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

ST. JOSEPH ABBEY, ET AL.                                           CIVIL ACTION

VERUS                                                                   NO. 10-2717

PAUL "WES" CASTILLE, ET AL.                                SECTION "K"(5)

### ORDER AND REASONS

Before the Court are the following motions:

Motion in Limine to Exclude Testimony of David E. Harrington (Doc. 81);

Motion in Limine for Adverse Inferences Against Plaintiffs (Doc. 80);

Plaintiffs' First Motion in Limine To Exclude Defendants' Exhibits 5 and 6 and Questions to Plaintiffs' Witnesses Concerning Past Casket Sales (Doc. 82); and

Plaintiffs' Second Motion in Limine to Exclude Defendants' Exhibits 5 and 6 and All Other Evidence Related to Louisiana's Preneed Requirements (Doc. 83).

The Court will address each seriatum.

**Motion in Limine to Exclude Testimony of David E. Harrington (Doc. 81);**

Defendants Paul "Wes" Castille, Patrick Sanders, Belva M. Pichon, Craig G. Gill, Andrew Hayes, Wall V. McKneely, Margaret Shehee, Kelly Rush Williams, and Louis Charbonnet ("Defendants") seek to exclude Plaintiffs[1] expert David Harrington from testifying at trial based on their contention that his report does not comply with Rule 26, his opinions are unreliable and he lacks the necessary qualifications to testify as an expert at trial.

---

[1] Plaintiffs are St. Joseph Abbey and Mark Coudrain.

This late-filed *"Daubert"* motion for the most part, appears to be an unnecessary expenditure of time, effort and expense, in the context of a non-jury, judge-tried case such as this one.  The motion is primarily based on attacks concerning the underlying facts upon which the opinion was based.  That approach is not contemplated under a *Daubert* challenge. "[T]he reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 392-93 (5th Cir. 2002)."  *General Electric Capital Business Asset funding Corp. v. S.A.S.E. Military Ltd.,* 2004 WL 5495590, *4 (W.D. Tex. Oct. 21, 2004).  As further discussed in *General Electric Capital Business:*

> Courts should not [be] lured by arguments disguised as *Daubert* challenges that actually attack the weight of the expert testimony, not its admissibility.  "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility , and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."  *Hartley*, 310 F.3d at 1061 (*quoting Bonner v. ISP Tech., Inc.,* 259 F.3d 924, 929-30 (8th Cir. 2001) (internal citations and quotations omitted).  Therefore, challenges to the factual bases or underpinnings of an expert opinion usually go only to weight and credibility of the evidence, not admissibility.  *Moss v. Ole South Real Estate, Inc.*, 993 F.2d 1300, 1307 (5th Cri. 1991);  *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981).

*Id.*  at *5.

As Judge Barbier noted in *Thompson v. Rowan Companies, Inc.*, 2007 WL 724646 (E.D.La. March 6, 2007):

> . . . that purpose of [a] *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas city Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93, 1113 S. Ct. 2786, 125 L.Ed.2d 469 (1993).  Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where the a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)."  *Daubert* requires a binary choice-

admit or exclude- and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corps.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

*Thompson*, at *1.

The case at bar is a bench trial. Thus, the objectives of *Daubert* are no longer implicated. Furthermore, "'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.' *Daubert*, 509 U.S. at 596." *Deville v. Comar Marine Corp.*, 2009 WL 1870896 (E.D.La. June 25, 2009).

This motion was filed on May 27, 2011 and the deadline to file a *Daubert* motion according to the Court's Scheduling Order was April 12, 2011. Based on the foregoing case law and the fact that the motion was late-filed, the Court will deny this motion. Defendants may spend no more than 15 minutes questioning the witness as to how the report was ultimately confected and the extent to which attorneys or other persons contributed to the report. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Testimony of David E. Harrington (Doc. 81) is **DENIED**.

**Motion in Limine for Adverse Inferences Against Plaintiffs (Doc. 80)**

Defendants seek in this motion adverse inferenses against Plaintiffs because Deacon Coudrain and Abbot Brown invoked the Fifth Amendment in their respective depostition testimony. The focus of the testimony which is at issue concerned primarily the number of defective caskets sold by Plaintiffs including the number of complaints received by the Abby by

consumers to whom they sold caskets.  Defendants argue that this testimony is relevant to public welfare concerns.  The Court is confounded as to why the number of complaints or the number of so-called "defective" caskets, would have any bearing on the right to sell caskets.  Defendants do not manufacture caskets, and this case is about the right to sell caskets, not the quality of the caskets.  The law at issue does not concern the quality of manufactured caskets, and the constitutional question posed by this case does not relate to the quality of caskets, simply the right to sell them.

Moreover, Defendants do not articulate specifically what the adverse inferance should be. The Court will not find an adverse inference in a vacuum especially over an issue which has virtually no relevance.  According to Plaintiffs the only evidence the State Board has provided as to a defective casket is that the Abbey once inadvertantly delivered a casket without a fabric liner.  Additionally, Plaintiffs state that there have been no complaints to the State Board by any consumer.   Accordingly,

**IT IS ORDERED** that the Motion in Limine for Adverse Inferences Against Plaintiffs (Doc. 80) is **DENIED**.


**Plaintiffs' First Motion in Limine To Exclude Defendants' Exhibits 5 and 6 and Questions to Plaintiffs' Witnesses Concerning Past Casket Sales (Doc. 82)**

As to Plaintiffs' First Motion in Limine concerning past casket sales, the Court finds meit in this motion as stated above.  The Court sees no relevance to past casket sales with respect to the constitutionality of the statute at issue.  Defendants are directed to prepare a written offer of proof to be introduced at the hearing of this matter**.**  Accordingly,

4

**IT IS ORDERED** that Plaintiffs' First Motion in Limine To Exclude Defendants' Exhibits 5 and 6 Questions to Plaintits Witnesses Concerning Past Casket Sales is **GRANTED**.

**Plaintiffs' Second Motion in Limine to Exclude Defendants' Exhibits 5 and 6 and All Other Evidence Related to Louisiana's Preneed Requirements (Doc. 83)**

As to Plaintiffs' Second Motion in Limine with respect to preneed requirements, the Court will allow Defendants to introduce evidence relating to Louisiana's statutory "preneed requirements."  Defendants have argued that in the event persons other than funeral directors are allowed to sell caskets at retail, the preneed requirement law cannot be effectively enforced. Plaintiffs have stated that they are not challenging the preneed law; therefore, any testimony concerning it is not relevant.  Defendants argue that the sale of caskets by only licensed funeral directors and the enforcement of the preneed law go hhand in hand.  For this reason, the Court will allow the testimony.  As to Exhibits 5 and 6, whether Plaintiffs sold caskets without complying with the preneed law is irrelevant.  However, the Court will allow testimony concerning the ability to enforce the preneed law if anyone other than a funeral director is allowed to sell caskets.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Second Motion in Limine to Exclude Defendants'

Exhibits 5 and 6 and all other Evidence Related to Louisiana's Preneed Requirements (Doc. 83)

is **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this ___3rd___ day of June, 2011.

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**