UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ST. JOSEPH ABBEY, ET AL.**                                                    **CIVIL ACTION**

**VERUS**                                                                              **NO. 10-2717**

**PAUL "WES" CASTILLE, ET AL.**                                          **SECTION "K"(5)**

## ORDER AND REASONS

Before the Court are Defendants'[1] Objections to the Magistrate Judge's Findings and Recommendations  (Doc. 147) which report was entered on November 21, 2014, recommending defendants pay to plaintiffs, St. Joseph Abbey and Deacon Mark Coudrain  $844,795.24 in reasonable attorneys' fees.  As this matter was referred to Magistrate Judge Michael North for a Report and Recommendation pursuant to the authority found at Fed. R. Civ. P. 54(d) and L.R. 54.2, the Court must conduct a *de novo* revue as set forth in Fed. R. Civ. P. 72(b) as to all specific written objections that have been made by the defendants.  Having done so, the Court accepts the Report and Recommendation and adopts it as its own for the reasons that follow.

After a painstaking and thorough analysis, the magistrate judge reduced plaintiffs' application for court awarded attorneys' fees from a requested fee of  $913,350.24 as prevailing party attorneys' fees to the aforementioned $844.795.24.   In performing this analysis, the magistrate judge determined the lodestar, as defined in *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.), *cert. denied sub nom.* 516 U.S. 862 (1995), and then

---

[1] Defendants are Paul "Wes" Castille; Belva M. Pichon; Craig F. Gill: Andrew Hayes; Wall V. McKneely; Margaret Shehee; Kelly Rush Williams; Louis Charbonnet, in their official capacities as Members of the Louisiana State Board Of Embalmers and Funeral Directors; Patrick H. Sanders, in his official capacity, in place of Oscar A. Rollins (deceased).

considered the applicability and relative weight of the 12 factors set forth in *Johnson v. Georgia Hwy. Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) .

Defendants' objections are as follows:

1)	The magistrate judge erred in recommending an hourly rate of $450.00 for Mr. Scott Bullock.  Defendants contend this rate is excessive when measured against the prevailing rate in the New Orleans market.

2)	The magistrate judge erred in recommending an hourly rate of $335.00 for Mr. Jeff Rowes.  Likewise, defendants contend this rate is excessive when measured against the prevailing rate in the New Orleans market.

3)	The magistrate judge erred in recommending an hourly rate of $300.00 for Mrs. Darpana Sheth..  Again, defendants contend this rate is excessive when measured against the prevailing rate in the New Orleans market.

4)	The magistrate judge erred in finding that the claimed number of hours were reasonable.

The Court will now address these objections.


**Reasonable Fee Rates**

With the exception of local counsel, F. Evan Schmidt, all the attorneys and paralegals representing plaintiffs are associated with the Institute for Justice ("the Institute"), a non-profit, public interest law firm based in Washington , D.C.  The Institute represented plaintiffs herein on a *pro bono* basis.  Mr. Bullock was lead counsel; Mr. Rose was second chair, and one paralegal was used at a time.  At the inception of the discovery phase, the Institute added Ms. Sheth to the

litigation team. Plaintiffs maintain that although they are entitled to recover fees based on prevailing rates in the Washington, D.C. area, they have sought only to recover the prevailing rates in the forum district–New Orleans. The rates sought were as follows:

| Name | Title | Years of Experience | Requested Rate |
|---|---|---|---|
| Scott G. Bullock | Senior Attorney | 22+ | $500 |
| Jeff Rowes | Senior Attorney | 11+ | $375 |
| Darpana Sheth | Attorney | 9+ | $300 |

The record reflects that each of these attorneys submitted a declaration concerning their qualifications, years of experience, the nature and extent of the work performed in this case, the hourly rate charged and the number of hours billed. (Exhibits 1-5 submitted in the evidentiary hearing).

Plaintiffs also submitted the affidavit of James R. Swanson, a well-respected senior New Orleans litigator, who was retained by plaintiffs as an expert witness. Mr. Swanson's declaration was limited to the reasonableness of the hourly rates and did not opine on the reasonableness of the time expended. Defendants submitted a report from their own expert, James M. Garner, which opined on the reasonableness of the rates as well as the reasonableness of the number of hours billed.

The constitutional issues that were raised in this litigation were of first impression in the Fifth Circuit. Moreover, the two circuits that had addressed the matter had each reached different conclusions. Plaintiffs sought to have the court find a state statute unconstitutional using a rational basis test. This endeavor presented a very high burden for the plaintiff.

Mr. Swanson, the managing partner of Fishman, Haygood, testified at the hearing before Magistrate Judge North that he would charge plaintiffs between $500 and $550 per hour for this kind of case. This Court notes that it unlikely that any firm in New Orleans would have taken this very difficult case on a *pro bono* basis and finds Mr. Swanson's testimony persuasive. Magistrate Judge North reduced Mr. Bullock's request to $450 and after reviewing the record, the Court finds that deduction reasonable. The Court also notes that Mr. Bullock is uniquely qualified to handle this kind of litigation based on his credentials, experience and familiarity with the subject matter.

Based on the testimony of Mr. Swanson, the Court finds this reasoning is equally applicable in light of the education, experience and familiarity with the subject matter of Mr. Rowes and Ms. Sheth. Magistrate Judge North lowered the fee of Mr. Rose to $335 which the Court finds reasonable based on the New Orleans market. Likewise, based on a review of the record, the $300 fee used for Ms. Sheth is correct.

**Number of Hours Expended**

After reviewing the entire record and the memorandum filed by defendants, it appears to the Court that defendants do not actually object to the legal standards used by North calculating the lodestar, but in fact disagree with the way North weighed the evidence in awarding fees. The Court agrees with plaintiffs that the defendants have three principle objections:

(1) Judge North should have deferred to the Board's expert about excessive time and not reviewed other evidence or exercised his own independent judgment;

(2) the Abbey's decision to file a motion in the Fifth Circuit to rule on constitutional grounds illustrates the Abbey's imprudent expenditure of time; and

(3) the fact that the Institute has litigated two similar cases in the past warrants a reduction because that expertise indicates that plaintiffs could have achieved the same result with fewer hours.

First and foremost, plaintiffs were successful in every aspect of this litigation, and the result is the primary factor to consider in assessing fees. *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983). As the Court previously noted, this litigation was an uphill battle for plaintiffs to have this Court, the appellate court and the Supreme Court (by refusing writs) declare a state statute unconstitutional using only a rational basis test. Moreover, defendants fought every aspect of this matter to the hilt including an extensive discovery motion practice and every other aspect of this litigation, including appeals.

This Court finds that the case was not overstaffed by plaintiffs as evidenced by the fact that on occasion the defendant Board deployed seven attorneys at one time. Indeed, at various conferences and hearings, defendants' attorneys often outnumbered plaintiffs' attorneys. This Court in reviewing the time records is of the opinion that the appropriate time and not excessive time was spent in this complex and hard fought litigation.

The Court notes that defendants take umbrage that Magistrate Judge North did not agree with Mr. Garner's detailed expert report. This Court and Magistrate Judge North have reviewed the records and this Court likewise respectfully disagrees with Mr. Garner's analysis. For example, the Court finds Mr. Garner's suggestion that because plaintiffs eliminated 1000 hours, from the bills in exercising billing judgment, that that in itself requires closer review. The Court

concurs with Mag. Judge North, this is indeed "a circular argument" especially in light of this Court's examination of the time sheets in question.

This Court specifically finds that plaintiffs' motion to affirm on constitutional grounds filed in the Fifth Circuit was excellent litigation strategy and the amount of time spent on such motions as determined by Judge North is appropriate. Plaintiffs had every reason to seek a constitutional ruling rather than a statutory interpretation as was evidenced by the Fifth Circuit's certification of that issue to the Louisiana Supreme Court. Moreover, this Court finds that any expertise that plaintiffs' counsel have in this specific area before the Court, should not cut against the plaintiff in the amount of hours expended. For example, a complex patent case handled by attorneys that have previously dealt with a similar patent should not be given short shrift because of the other case. In fact, in all likelihood, because of that experience, deeper and more thorough efforts may result.

Thus, having conducted a *de novo* review of defendants' objections, the Court finds no merit therein and will adopt the Report and Recommendation for the reasons assigned herein. Accordingly,

**IT IS ORDERED** that the objections of Paul "Wes" Castille; Belva M. Pichon; Craig F. Gill: Andrew Hayes; Wall V. McKneely; Margaret Shehee; Kelly Rush Williams; Louis Charbonnet, in their official capacities as Members of the Louisiana State Board Of Embalmers and Funeral Directors; Patrick H. Sanders, in his official capacity, in place of Oscar A. Rollins (deceased) are **OVERRULED** and the Court **ACCEPTS** Magistrate Judge Michael North's Report and Recommendation which was entered on November 21, 2014 (Doc. 146)

recommending an award of $844,795.24 in attorneys' fees to plaintiffs St. Joseph Abbey and Deacon Mark Coudrain and **ADOPTS** it as its own for the reasons state herein.

New Orleans, Louisiana, this 27th day of May, 2015.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**